IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mildred Gail Diamond, | Civil Action No. 3:26-cv-1449-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| CL Construction LLC; Kevin Corley, | |
| Defendants. | |

This matter is before the court on Plaintiff's Complaint filed April 6, 2026. Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On April 28, 2026, the Magistrate Judge entered a Report and Recommendation ("Report") recommending this matter be dismissed without prejudice and without issuance and service of process. Dkt. No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff filed timely objections, as well as three supplements to her objections. Dkt. Nos. 13, 15, 16, 17.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)

(stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends dismissal because the federal statute Plaintiff purports to bring her action under, the HOME Investment Partnerships Act, 42 U.S.C. §§ 12701, et seq., does not provide a private right of action. Dkt. No. 9 at 1, 3. She cites District Court cases in the Fourth and other Circuits holding the HOME Act does not provide a private right of action for damages for violations of the Act. *Id.* at 4. In addition, the Report considered whether Plaintiff could bring an action pursuant to § 1983, but determined there were no allegations Defendants were state actors. *Id.* at 4-5. Finally, there is no jurisdiction over any state law claims because there is no diversity of parties. *Id.* at 5.

Plaintiff's objections assert her case is not frivolous or malicious and she has evidence of the fees she paid. Dkt. No. 13 at 1. She submits she is attaching evidence of the lot contract, receipts for monies paid, and a detailed graph of both lots to be deeded in her name. *Id.* She attaches a contract for land, an affidavit stating the property is being transferred to Mildred Diamond, amounts paid, and a drawing of lots. Dkt. No. 13-1. Her supplements are entitled "Objection to Wrongful Claim of Ownership and Request for Protection of Property Interest" and "Amended Objection to Wrongful Claim of Ownership, Request for Protection in Property Interest, and Claim for Damages." Dkt. Nos. 15, 16. Finally, she includes a letter, purportedly from a counselor or provider, asserting emotional impact of the situation on Plaintiff. Dkt. No. 17 at 2.

2

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees this matter should be dismissed. The HOME Act does not provide a private right of action. In addition, it does not appear a § 1983 claim or state law claims can be brought under this court's jurisdiction. Accordingly, the court adopts the Report by reference in this Order.  This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 26, 2026

3